MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
FERNANDO ROSAS, *individually and on*
*behalf of others similarly situated,*

*Plaintiff*,

-against-

VIAND COFFEE SHOP OF 61 ST. INC.
(d/b/a VIAND COFFEE SHOP) and GEORGE
KONTOGIANNIS,

*Defendants.*

------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Fernando Rosas ("Plaintiff Rosas" or "Mr. Rosas"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Viand Coffee Shop of 61 St. Inc. (d/b/a Viand Coffee Shop), ("Defendant Corporation") and George Kontogiannis ("Individual Defendant") (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.    Plaintiff Rosas is a former employee of Defendants Viand Coffee Shop of 61 St. Inc. (d/b/a Viand Coffee Shop) and George Kontogiannis.

2.    Defendants own, operate, or control a coffee shop, located at 673 Madison Avenue, New York, NY 10021 under the name "Viand Coffee Shop".

3.      Upon information and belief, Individual Defendant George Kontogiannis serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the coffee shop as a joint or unified enterprise.

4.      Plaintiff Rosas was an employee of Defendants.

5.      Plaintiff Rosas was ostensibly employed as a waiter. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to taking care of the cash register, picking up the phone, and cleaning the tables, hereafter the ("non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Rosas worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Rosas appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Rosas the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Rosas as a waiter in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Rosas at a rate that was lower than the required tip-credit rate.

11. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Rosas's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

12. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Rosas's actual duties in payroll records by designating them as a waiter instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiff Rosas at the minimum wage rate and enabled them to pay them at the lower tip-credit rate (which they still failed to do).

13. In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Rosas's and other tipped employees' tips and sharing those tips with non-tipped workers.

14. Defendants' conduct extended beyond Plaintiff Rosas to all other similarly situated employees.

15. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rosas and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16. Plaintiff Rosas now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiff Rosas seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Rosas's state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a coffee shop located in this district. Further, Plaintiff Rosas was employed by Defendants in this district.

## PARTIES

*Plaintiff*

20.     Plaintiff Fernando Rosas ("Plaintiff Rosas" or "Mr. Rosas") is an adult individual residing in New York County, New York.  Plaintiff Rosas was employed by Defendants at Viand Coffee Shop from approximately April 2003 until on or about December 2014 and from approximately June 2015 until on or about May 2017.

21.     Plaintiff Rosas consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

- 4 -

22.     At all relevant times, Defendants owned, operated, or controlled a coffee shop located at 673 Madison Avenue, New York, NY 10021 under the name "Viand Coffee Shop".

23.     Upon information and belief, Viand Coffee Shop of 61 St. Inc. (d/b/a Viand Coffee Shop) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 673 Madison Avenue, New York, NY 10021.

24.     Defendant George Kontogiannis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant George Kontogiannis is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant George Kontogiannis possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rosas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.     Defendants operate a coffee shop located in the Upper East Side section of New York City.

26.     Individual Defendant George Kontogiannis possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiff Rosas's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rosas, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiff Rosas (and all similarly situated employees) and are Plaintiff Rosas's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiff Rosas and/or similarly situated individuals.

31.     Upon information and belief, Individual Defendant, George Kontogiannis operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

    a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)   transferring assets and debts freely as between all Defendants,

    d)   operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e)   operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

    f)   intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants were Plaintiff Rosas's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Rosas, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Rosas's services.

33.    In each year from 2011 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the coffee shop on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35.    Plaintiff Rosas is a former employee of Defendants who ostensibly was employed as a waiter. However, he spent more than 20% of each shift performing the non-tipped duties described above.

36.    Plaintiff Rosas seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Fernando Rosas*

37.    Plaintiff Rosas was employed by Defendants from approximately April 2003 until on or about December 2014 and from approximately June 2015 until on or about May 2017.

38.    Defendants ostensibly employed Plaintiff Rosas as a waiter.

39.    However, Plaintiff Rosas was also required to spend a significant portion of his work day performing the non-tipped duties described above.

40.    Although Plaintiff Rosas ostensibly was employed as a waiter, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

41.    Plaintiff Rosas regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.    Plaintiff Rosas's work duties required neither discretion nor independent judgment.

43.    Throughout his employment with Defendants, Plaintiff Rosas regularly worked in excess of 40 hours per week.

44.    From approximately December 2011 until on or about December 2014, Plaintiff Rosas worked as a waiter from approximately 9:00 a.m. until on or about 7:00 p.m. Tuesdays through Saturdays (typically 50 hours per week).

45.    From approximately June 2015 until on or about May 2017, Plaintiff Rosas worked as a waiter from approximately 5:30 a.m. until on or about 3:30 p.m. one day a week and from approximately 5:30 a.m. until on or about 3:45 p.m. four days a week (typically 51 hours per week).

46.    Throughout his entire employment, Defendants paid Plaintiff Rosas his wages in cash.

47.    Throughout his entire employment, Defendants paid Plaintiff Rosas $5.00 per hour.

48.    Plaintiff Rosas's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

49.    In fact, from approximately June 2015 until on or about May 2017, Defendants required Plaintiff Rosas to work an additional 15 minutes after his scheduled departure time four days a week, and did not compensate him for the additional time he worked.

50.     Plaintiff Rosas was never notified by Defendants that his tips were being included as an offset for wages.

51.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rosas's wages.

52.     Defendants withheld a portion of Plaintiff Rosas's tips; specifically, defendants required Plaintiff Rosas to share a percentage of his tips with the grill men, the sandwich preparers, the telephone attendants and the cashiers.

53.     Plaintiff Rosas punched in and out of work five days a week only, and was instructed by Defendants not to clock in and out on the sixth day.

54.     The punch cards that Plaintiff Rosas used consistently reflect at least one hour less per day than he actually worked, thus reflecting several hours less per week.

55.     Defendants never provided Plaintiff Rosas with any document or other statement truthfully accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rosas regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Rosas an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Rosas, in English and in Spanish (Plaintiff Rosas's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Rosas to purchase "tools of the trade" with his own funds—including six white dress shirts per year, three pairs of pants per year and two pairs of dress shoes per year.

*Defendants' General Employment Practices*

60.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rosas (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

61.     Plaintiff Rosas was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

62.     Defendants' pay practices resulted in Plaintiff Rosas not receiving payment for all his hours worked, and resulting in Plaintiff Rosas's effective rate of pay falling below the required minimum wage rate.

63.     Defendants habitually required Plaintiff Rosas to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

64.     Defendants failed to inform Plaintiff Rosas who received tips that Defendants intended to take a deduction against Plaintiff Rosas's earned wages for tip income, as required by the NYLL before any deduction may be taken.

65.     Defendants failed to inform Plaintiff Rosas, who received tips, that his tips were being credited towards the payment of the minimum wage.

66.     Defendants failed to maintain a record of tips earned by Plaintiff Rosas for the tips he received.

67.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Rosas who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Rosas of a portion of the tips earned during the course of employment.

68.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Rosas and other tipped employees, in violation of New York Labor Law § 196-d (2007).

69.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

70.    Defendants required Plaintiff Rosas to perform several non-tip-related tasks for over 20% of each work day, in addition to his primary role as a tipped employee.

71.    Plaintiff Rosas was employed ostensibly as a tipped employee, although his actual duties included much greater time spent in non-tipped functions.

72.    Plaintiff Rosas was not even paid at the required lower tip-credited rate by Defendants, however, under state law Defendants were not entitled to a tip credit because Plaintiff Rosas' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

73.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day... in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

74.     Plaintiff Rosas' duties were not incidental to his occupation as a tipped employee, but instead constituted entirely unrelated occupations with duties such as those outlined above. While performing these duties, Plaintiff Rosas did not receive tips; therefore, they constituted non-tipped occupations, and Defendants could not lawfully take a tip credit for any of the hours that Plaintiff Rosas worked in these roles.

75.     In violation of federal and state law as codified above, Defendants classified Plaintiff Rosas as a tipped employee but did not even pay him at the tip-credited rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

76.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

77.     Specifically, Defendants managed their timekeeping system to ensure it did not reflect the actual hours Plaintiff Rosas worked.

78.     Plaintiff Rosas was paid his wages in cash.

79.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

80.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rosas (and similarly situated individuals) worked, and to avoid paying Plaintiff Rosas properly for his full hours worked.

81.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

82.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rosas and other similarly situated former workers.

83.    Defendants failed to provide Plaintiff Rosas and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

84.    Defendants failed to provide Plaintiff Rosas and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

85.    Plaintiff Rosas brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who

are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

86.     At all relevant times, Plaintiff Rosas and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

87.     The claims of Plaintiff Rosas stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

88.     Plaintiff Rosas repeats and realleges all paragraphs above as though fully set forth herein.

89.     At all times relevant to this action, Defendants were Plaintiff Rosas's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Rosas (and the FLSA Class Members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

90.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

92.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Rosas (and the FLSA Class members) at the applicable minimum hourly rate.

93.    Defendants' failure to pay Plaintiff Rosas (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

94.    Plaintiff Rosas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

95.    Plaintiff Rosas repeats and realleges all paragraphs above as though fully set forth herein.

96.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Rosas (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

97.    Defendants' failure to pay Plaintiff Rosas (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

98.    Plaintiff Rosas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

99.    Plaintiff Rosas repeats and realleges all paragraphs above as though fully set forth herein.

100.    At all times relevant to this action, Defendants were Plaintiff Rosas's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire

Plaintiff Rosas (and the FLSA Class members), controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

101.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Rosas less than the minimum wage.

102.    Defendants' failure to pay Plaintiff Rosas the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

103.    Plaintiff Rosas was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

104.    Plaintiff Rosas repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Rosas overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

106.    Defendants' failure to pay Plaintiff Rosas overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

107.    Plaintiff Rosas was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

108.     Plaintiff Rosas repeats and realleges all paragraphs above as though fully set forth herein.

109.    Defendants failed to pay Plaintiff Rosas one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Rosas's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

110.    Defendants' failure to pay Plaintiff Rosas an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

111.    Plaintiff Rosas was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

112.    Plaintiff Rosas repeats and realleges all paragraphs above as though fully set forth herein.

113.    Defendants failed to provide Plaintiff Rosas with a written notice, in English and in Spanish (Plaintiff Rosas's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

114.    Defendants are liable to Plaintiff Rosas in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

115.    Plaintiff Rosas repeats and realleges all paragraphs above as though fully set forth

herein.

116.    With each payment of wages, Defendants failed to provide Plaintiff Rosas with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

117.    Defendants are liable to Plaintiff Rosas in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

118.    Plaintiff Rosas repeats and realleges all paragraphs above as though fully set forth herein.

119.    Defendants required Plaintiff Rosas to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

120.    Plaintiff Rosas was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### (UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW)

121.    Plaintiff Rosas repeats and realleges all paragraphs above as though fully set forth herein.

122.    At all relevant times, Defendants were Plaintiff Rosas's employers within the

meaning of the N.Y. Lab. Law §§ 2 and 651.

123.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

124.    Defendants unlawfully misappropriated a portion of Plaintiff Rosas's tips that were received from customers.

125.    Defendants knowingly and intentionally retained a portion of Plaintiff Rosas's tips in violations of the NYLL and supporting Department of Labor Regulations.

126.    Plaintiff Rosas was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rosas respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rosas and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rosas and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rosas's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Rosas and the FLSA Class members;

(f)    Awarding Plaintiff Rosas and the FLSA Class members damages for the amount of unpaid minimum wages and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Rosas and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rosas;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rosas;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Rosas;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Rosas's compensation, hours, wages and any deductions or credits taken against wages;

(l)    Awarding Plaintiff Rosas damages for the amount of unpaid minimum wage, overtime compensation  and for any improper deductions or credits taken against wages, as well

as awarding spread of hours pay under the NYLL as applicable

(m)     Awarding Plaintiff Rosas damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Rosas liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Rosas pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Rosas the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rosas demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        December 15, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 8, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Fernando Rosas

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 Fernando Rosas

Date / Fecha:                      08 de diciembre de 2017