# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  Telephone: (212) 317-1200
New York, New York 10165  Facsimile: (212) 317-1620

michael@faillacelaw.com

July 22, 2019

**VIA ECF**
Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    **Rosas et al v. Viand Coffee Shop of 61 St. Inc. et al**
                  **Case No. 17-cv-9851**

Dear Judge Gardephe:

      This office represents Plaintiff Fernando Rosas ("Plaintiff") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff and Defendants Viand Coffee Shop of 61 St. Inc. (d/b/a Viand Coffee Shop) and George Kontogiannis ("Defendants" and together with Plaintiff, the "Parties").

      The Parties' agreement has been memorialized in a fully executed Settlement Agreement (the "Agreement"), a copy of which is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The Parties represent to the Court that, as a result of the settlement, they believe that the Agreement is fair, as discussed herein.

**Background**

      Plaintiff was employed by Defendant to work at a café located at 673 Madison Avenue, New York, NY 10021 under the name "Viand." Plaintiff was employed by Defendants as a waiter from approximately April 2003 until December 2014, and from approximately June 2015 until May 2017. From approximately December 2011 until on or about December 2014, Plaintiff worked approximately 50 hours per week. From approximately June 2015 until on or about May 2017, Plaintiff worked approximately 51 hours per week. Throughout his employment, Plaintiff has been paid his wages in cash. Throughout his employment he was paid $5.00 per hour for all hours worked.

      Defendant denies Plaintiff's allegations and assert that Plaintiff was paid in accordance with the law. In particular, Defendant disputes (1) Plaintiff's claim that he is owed unpaid wages at the minimum wage rate; and (2) Plaintiff's claim regarding the number of overtime hours that he supposedly worked without compensation at the overtime rate. Defendants produced time cards that appeared to contradict at least some of Plaintiff's allegations about the hours he worked.

Hon. Paul G. Gardephe
July 22, 2019
Page 2 of 5

The Parties thus acknowledge that they each face risks of not being able to prevail on some or all of their respective claims and/or defenses if this case were to proceed to trial. In order to avoid the risks, expense and burdens of further litigation in establishing their respective positions, the Parties agreed to resolve and settle the case.

**Settlement**

Plaintiff estimates that, in a best case scenario, he would be entitled to approximately $54,000 in minimum and overtime base wages. However, if Defendant was to succeed in proving that Plaintiff was paid in accordance with the law, or that the violations were more limited, Plaintiff would be entitled much less, if anything at all. Defendant asserts that it should not be liable to Plaintiff for any unpaid wages or penalties.

Accordingly, the Parties have agreed to resolve this action for the total sum of **$85,000.00**, which will be paid as outlined in **Exhibit A**. Fifty Six Thousand Nine Hundred Ninety Five Dollars ($56,695.00) of the settlement amount will be paid to the Plaintiff, in full satisfaction of any wages or penalties owed. The remaining Twenty Eight Thousand Three Hundred Five Dollars ($28,305.00) will be paid to Michael Faillace & Associates, P.C., as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to the Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action, without incurring the costs or encumbrance of lengthy trial. The $56,695.00 that he will be receiving after attorneys' fees and costs are deducted accounts for all of his alleged unpaid minimum and overtime wages that he could have potentially recovered at trial. This recovery is also well over what the Plaintiff would recover if Defendant was to successfully establish that Plaintiff was paid in accordance with the law, or that violations were not as great as alleged by Plaintiff. Moreover, even if Plaintiff succeeded at trial, he may have faced collection issues. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsels and there is no possibility of fraud or collusion.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues. Further, while this action was pleaded as a collective action under the FLSA, it has not been prosecuted as such, and there has been no publicity concerning this matter; consequently, there is no prejudice to any potential class member who is not a party to the Agreement.

### **The Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $28,305 from the settlement fund as attorneys' fees and costs. This represents one-third of the Settlement amount, a reduction in fees from what is identified in the Plaintiff's retainer agreement, which provides that forty percent of the Plaintiff's recovery will be retained by the firm.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given the Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, the Plaintiff's counsel was able to obtain a favorable pre-trial result.

Attached hereto as **Exhibit B**, are the Plaintiff's attorneys' time records. The billed attorneys' fees are $5,075.00 and costs are $565. A brief biography of each attorney who performed billed work in this matter is as follows:

- **Michael A. Faillace** is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- **Joshua Androphy**, senior associate at Michael Faillace & Associates, P.C., is requesting an hourly rate of $400.00. This is the actual rate he is billed at for matters he works on for which we bill clients on an hourly basis, including wage and hour defense cases. Attorney Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, Attorney Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for

> seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Attorney Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. Androphy has been selected as a Super Lawyers Rising Star for employment litigation in 2014, 2015, 2016, 2017, and 2018.

- **Colin Mulholland** was an associate at Michael Faillace & Associates, P.C. He graduated from Cardozo School of Law in 2012. Following law school, he has cultivated an expertise in employment law, serving as a civil litigation associate at a firm in Brooklyn, New York for a three and a half year where he worked on civil and criminal matters, including over a dozen FLSA suits, before working at Michael S. Lamonsoff & Associates for a year where he worked exclusively on personal injury cases. Colin joined Michael Faillace & Associates, P.C. in May of 2017 and has focused almost exclusively on litigating FLSA/NYLL claims. He bills at a rate of $375 per hour.

- **Clifford Tucker** is an associate at Michael Faillace & Associates P.C. and is requesting an hourly rate of $300.00. Attorney Clifford Tucker graduated cum laude and with honors from Brooklyn Law School in 2013, where he was a member of the Moto Court Honor Society, Trial Division, and received the following awards: Richardson Scholarship, Academic Achievement Scholarship, Centennial Grant, Ellen Taubenblatt Harmon and Mark A. Harmon Award for Integrity and Ethics. Following law school, Attorney Clifford Tucker developed a background in representing plaintiffs in personal injury and civil rights actions as an associate at: The Law Office of Richard Kenny, Bryan D. Fisher, LLC ("Fisher Injury Lawyers"), and Burns & Harris. He has managed a case load of over 100 personal injury actions from intake to verdict. He was selected to the Super Lawyers 2016 New York Metro Rising Stars list. He has taught Continuing Legal Education classes on case preparation, investigation, and discovery and assisted in teaching courses on obtaining settlement offers in personal injury actions, representing plaintiffs in motor vehicle cases, and selecting a jury in personal injury cases. He has also lectured to Veterans at the James J Peters VA Medical Center and at the Task Force of Social Workers of African Descent. He licensed to practice in the Southern and Eastern District of New York, the Second Circuit Court of Appeals, and in New York and New Jersey State Courts.

The requested attorneys' fees and costs in the Parties' settlement are reasonable under the circumstances and the Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

## Conclusion

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of their client. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Hon. Paul G. Gardephe
July 22, 2019
Page 5 of 5

      Thank you for your consideration in this matter.

                                              Respectfully Submitted,

                                              /s/ Michael Faillace
                                              Michael Faillace, Esq.
                                              Michael Faillace & Associates, P.C.
                                              *Attorneys for Plaintiff*

cc:      (via ecf) *Attorney for Defendants*